**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Joan Foy Albright<br>　　Debtor<br><br>Nationstar Mortgage, LLC<br>　　Movant,<br><br>　　　v.<br>Joan Foy Albright,<br>Ronda J. Winnecour, Chapter 13 Trustee<br>　　Respondent, | Bankruptcy No. 22-70395-JAD<br><br>Chapter 13<br>DD No. 52<br>Related to DD No. 50 |

**RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

　　AND NOW, Debtor Joan Foy Albright, through her counsel David A. Colecchia, files the within Response to Nationstar's Motion for Relief from the Automatic Stay. In support of said response, the Debtor avers the following:

　　1. Admitted.

　　2. Admitted.

　　3. Admitted.

　　4. It is admitted that the Movant has previously sought to foreclose on the real property at issue.

　　5. Debtor, after reasonable investigation, is unable to determine the truth or falsity of this averment, and thus the same is denied. By way of further response, the Debtor cannot reasonably determine the payoff value of the loan as the information to make that determination is in the hands of the Movant.

　　6. Admitted in part. It is admitted that the Debtor has been unable to make a full Plan payment since February 2024. By way of further response, the Debtor's vehicle broke down, requiring her to obtain a replacement vehicle as she needs a vehicle to travel including

-1-

travel for work. The Debtor had to save up funds to obtain a replacement without seeking financing authority from this court. She has recently obtained a replacement vehicle, and should be able to resume payments.

7. The Debtor admits the Movant has paid the filing fee for the within Motion for Relief From stay. As to the balance of the averments, after reasonable investigation, the Debtor is unable to determine the truth or falsity of those statements as the relevant information is exclusively in the possession of the Movant, and thus the same is denied.

8. Admitted. However, the Debtor also has been attempting to complete loss mitigation solutions for this matter, and as part of that, has been authorized for a $50,000 grant from PAHAF so long as the Debtor proposes a plan to address other arrears. The Debtor has attempted to contact the Movant to determine the feasibility of a new loan modification offer given this proposed grant, but has not received any information concerning the same.

9. Debtor, after reasonable investigation, is unable to determine the truth or falsity of this averment, and thus the same is denied. By way of further response, the debtor believes this is derived from the Proof of Claim filed by Nationstar, which at present has prima facie validity. However, the Debtor has some possible options to address those arrears. See Response to Paragraph 8.

10. Admitted. By way of further response, the reduced value is due to damage caused to the property by a company hired to repair the roof, which lawsuit is ongoing and currently in the discovery phase.

11. Admitted.

12. It is admitted that the Debtor has no equity in the real property. However, to the extent this paragraph implies that the absence of equity is sufficient in and of itself to grant relief

from stay, the same is denied.  Even if there is no equity in the real property, relief from stay is appropriate under 11 USC §362(d)(2) if said property is not necessary for an effective reorganization.  In this case, the real property is critical for a successful reorganization, as the property at issue is her personal residence at home, and she cannot successfully reorganize her financial situation is she is rendered homeless.

13. This is a legal conclusion to which no response is required.  However, if a response is required, the same is denied.  By way of further response, while 'cause' is not defined under 11 USC §362(d)(1), it includes the lack of adequate protection, and given the Debtor will be resuming payments and given the grant available from PAHAF, the Movant is adequately protected.

14. This is a statement of intent by the Movant which contains no averments of fact, and thus no response is required.  However, if a response is required, the same is denied.

WHEREFORE, the Debtor respectfully requests this Honorable Court deny Movant's Motion for Relief from the Automatic Stay.

Respectfully Submitted,

/s/ David A. Colecchia
David A. Colecchia, Esq.
PA I.D. 71830
Law Care
David A. Colecchia and Associates
324 South Maple Avenue
Greensburg, Pa 15601
(724)-837-2320
Fax: (724)-837-0602
Colecchia542@comcast.net

Counsel for the Debtor